**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 10-cv-00307-PAB-CBS

TIG GLOBAL, LLC, a Delaware limited
liability company,

    Plaintiff

    v.

PC SPECIALISTS, INC., a California corporation,

    Defendant.

---

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO
DISMISS OR, IN THE ALTERNATIVE, STAY PROCEEDINGS**

---

Defendant, PC Specialists, Inc. ("PCS"), moves to dismiss the Complaint of Plaintiff TIG Global, LLC ("TIG Global") or, alternatively, to stay this litigation. There is a carefully constructed, mandatory dispute resolution process contained in the relevant contract between the parties, which requires mediation of the dispute alleged herein before a civil action may properly be filed. As a result of the mandatory mediation provision, this Court lacks subject matter jurisdiction and, pursuant to Fed. R. Civ. P. 12(b)(1) and the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, the Complaint should be dismissed. In the alternative, the Court should compel arbitration and stay all proceedings in this forum pending final resolution of the alternative dispute resolution procedures to which Plaintiff expressly agreed in writing.

## I. <u>BACKGROUND</u>

PCS is also known as Technology Integration Group, and under that trade name does business as "TIG". (Complaint, Exhibit D thereto at ¶ 2). PCS provides computers, software, and computer and Internet based services and equipment throughout the United States and abroad. (Id.). The plaintiff in this case, also calling itself "TIG" provides internet marketing, market research, management services and other technology-related products and services to clients in the hospitality industry. (Id. at ¶ 10).

As a result of a prior trademark dispute, Plaintiff and Defendant entered into a license agreement resolving ownership and entitlement to the trademarks "TIG" and "TIG GLOBAL." (2007 Trademark Assignment and License Agreement between the Technology Integration Group and TIG Global, LLC ("License Agreement") Complaint at ¶ 1 and Exhibit A thereto). The License Agreement affirmed PCS' ownership of the TIG trademark and assigned all of TIG Global's interest in the TIG GLOBAL trademark to PCS. PCS then granted a limited license to the TIG GLOBAL trademark to TIG Global for a narrowly defined market. The license was non-assignable by TIG Global, except under carefully defined circumstances, specifically excluding assignment of the trademark license to any competitor of PCS.

On December 31, 2009, MICROS Systems, Inc. ("MICROS") acquired sole ownership of TIG Global. (Id. at ¶ 5). However, according to the complaint, TIG Global remains as an existing legal entity. (Complaint at ¶ 22). Without prior notice, on the same day the transaction closed, MICROS purported to send a letter to PCS announcing its acquisition of TIG Global and asking PCS to consent to the continuation of the License Agreement. MICROS stated that it would agree to be bound by the terms of the License Agreement. (Complaint at ¶¶ 22-23 and

2

Exhibit C thereto).  MICROS also purported to assert that it is not a "direct" competitor of PCS. (Id.).  However, like PCS, MICROS provides computers, software and computer and Internet based services and equipment throughout the United States and abroad. (Complaint, Exhibit D thereto at ¶4).  Moreover, there is significant overlap in PCS' and MICROS' customers.  Thus, PCS did not agree to the assignment or continuation of the license and sought to terminate the License Agreement.  Nevertheless, upon consummating the acquisition, MICROS began to willfully infringe PCS' trademarks.[1]

The dispute before this court arises entirely from the License Agreement between TIG Global and PCS.  (Complaint at ¶ 1).  TIG Global alleges that PCS improperly attempted to terminate the License Agreement.  (Id. at ¶ 3).  However, central to this motion, Article 12 of the License Agreement contains a detailed, broad provision requiring mandatory mediation of any dispute arising out of or relating to a termination of the License Agreement.  Specifically, the agreement in relevant part states:

> 12.3  In the event of a notice of termination under provision 12.1(a) that meets the requirements of 12.2, and before Licensor has the right to terminate this Agreement under 12.1(a), the parties shall negotiate in good faith to resolve any disputes regarding the alleged breach ("Mediation"). Mediation shall occur no later than sixty (60) days following Licensee's receipt of any such notice. Mediation shall occur in Denver, Colorado, and the mediator shall be mutually agreed upon by both parties and chosen among the INTA Panel of Neutrals or AIPLA.

---

[1] PCS filed a trademark infringement action in the Southern District of California against MICROS on January 11, 2010. (Complaint, Exhibit D thereto).  That action is irrelevant to the instant action because MICROS is not a party to the license agreement at issue here.  The only relevance that the California action may have to this one may be regarding the extent that the "first to file" rule applies.

(Complaint, Exhibit A, § 12.3). A plain reading of this section makes it clear that issues such as those raised in the Complaint are the proper subject of mediation and not court litigation.

## II. ARGUMENT

This Court should enforce the parties' agreement to resolve their disputes through their carefully designed alternative dispute resolution plan. *See generally Bowen v. Amoco Pipeline Co.*, 254 F.3d 925, 934 (10th Cir. 2001) ("The contractual nature of arbitration is…well established. Parties are free to structure their arbitration agreements as they wish, and [the Court's] decision must further the Federal Arbitration Act's primary policy ensuring judicial enforcement of private agreements to arbitrate."). The Federal Arbitration Act ("FAA") states that agreements to arbitrate are "valid, irrevocable, and enforceable." 9 U.S.C. § 2. Further, the Supreme Court had repeatedly held that arbitration agreements are to be read liberally in order to effectuate their purpose. *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 23 (1983); *Green Tree Fin. Corp. v. Randolph*, 531 U.S. 90, 90 (2000); *Mastrobuono v. Shearson Lehman Hutton*, 514 U.S. 52, 63 (1995); *see Image Software, Inc. v. Reynolds and Reynolds Co.*, 459 F.3d 1044, 1055 (10th Cir. 2006). In fact, when a court interprets an arbitration provision, "due regard must be given to the federal policy favoring arbitration, and ambiguities as to the scope of the arbitration clause [must be] resolved in favor of arbitration." *Mastrobuono*, 415 U.S. at 62 (citation omitted); *Spahr v. Secco*, 330 F.3d 1266, 1269-70 (10th Cir. 2003) ("doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration.").

Plaintiff's claims are subject to a binding mediation agreement that is enforceable under the Act. Plaintiff agreed to mediate any and all claims arising out of or related to termination of

the License Agreement. The language and intent of the parties' mediation provision is unequivocal and mandatory:

> the parties **shall** negotiate in good faith to resolve any disputes regarding the alleged breach ("Mediation"). Mediation shall occur no later than sixty (60) days following Licensee's receipt of any such notice." (*See* Complaint, Exhibit A, § 12.3).

Plaintiff is in clear violation of its covenant to mediate because the claims alleged in the complaint herein arise directly under the License Agreement, as they relate to a purported breach of the termination provisions of that agreement.[2] Indeed, Plaintiff affirmatively (although falsely) alleges in various forms that PCS breached the termination provisions of the License Agreement. (*See* Complaint at ¶¶ 28, 31, 36-37). As such, Plaintiff's Complaint falls squarely within the mediation mandate and therefore, the claims must be mediated.

### The Court has the Discretion to Dismiss, Not Merely Stay

As discussed in greater detail below, the FAA expressly requires a district court, upon motion by any party, to stay judicial proceedings involving issues covered by written arbitration agreements. S*ee* 9 U.S.C. § 3; *see, e.g., Sunborne XVI, Ltd. v. Signature Flight Support Corp.*, 2009 U.S. Dist. LEXIS 34380 (D. Colo. April 3, 2009) (Brimmer, J.). However, many courts have held that dismissal is a proper remedy when all of the issues presented in a lawsuit are arbitrable and that, in such cases, a stay serves no obvious purpose that would be served by the agreed-to alternative dispute resolution process. *See, Jann v. Interplastic Corp.*, 631 F. Supp. 2d

---

[2] Plaintiff may not argue that PCS provoked this action by filing the action pending in the Southern District of California ("the California Action"). The California Action was filed only against MICROS, not TIG Global. Plaintiff also may not argue that PCS' correspondence suggests that mediation seems futile. Indeed, § 12.3 of the License Agreement does not permit assumptions about the likely success of mediation and TIG Global has made absolutely no effort to initiate mediation or otherwise discuss an amicable resolution of this dispute.

1161, 1167 (D. Minn. 2007)(*citing United Steel, Paper & Forestry, Rubber Mfg., Energy, Allied Indus. v. Serv. Workers Int'l Union v. Carlisle Power Transmission Prods., Inc.*, 489 F. Supp. 2d 924, 931 (D. Minn. 2007); *accord, e.g., Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707, 709-10 (4th Cir. 2001); *Green Ameritech Corp.*, 200 F.3d 967, 973 (6th Cir. 2000); *Bercovitch v. Baldwin Sch., Inc.*, 133 F.3d 141, 156 n. 21 (1st Cir. 1998); *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992); *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988); *Mahnke v. Executive Tans, USA, LLC*, 2007 U.S. Dist. LEXIS 59255, *6 (D. Minn. Aug. 13, 2007). Thus, there is clear authority confirming this Court's inherent discretion to dismiss this action pending mediation. *See Bakas v. Ameriprise Financial Svcs., Inc.*, 651 F. Supp. 2d 997, 1004 (D. Minn. 2009).

As in the *Jann* case, the entire controversy here is subject to mediation pursuant to the License Agreement. Indeed, all three of TIG Global's alleged causes of action expressly arise out of the termination provisions of the License Agreement and PCS' alleged breach of such provisions. Since the parties unequivocally agreed to mediate such a dispute, staying the case would serve no purpose. Further, dismissal would allow the court to clear its docket and close this unnecessary civil action. Therefore, it is within this Court's discretion to direct arbitration of TIG Global's claims and to dismiss its Complaint without prejudice, rather than merely stay the case.

## Alternatively, This Action Should Be Stayed

This Court recently addressed a similar ADR agreement and stayed proceedings during the pendency of mediation and arbitration. *Sunborne XVI, Ltd. v. Signature Flight Support*

*Corp., supra*, 2009 U.S. Dist. LEXIS 34380.³  In *Sunborne*, this Court concluded that the plaintiff's claims were subject to mediation or arbitration and stayed the case during the pendency of those proceedings. *Id.* at *1.  The parties in *Sunborne* had entered into various agreements pertaining to property located at Centennial Airport in Arapahoe County, Colorado which was leased by plaintiff from the Arapahoe County Public Airport Authority.  *Id.* at *3.  Plaintiff alleged that defendant breached provisions of the agreements.  *Id.*  The Operating Agreement between the parties contained a "Mandatory Mediation/Arbitration" clause. *Id.* at *3-4.  The court in *Sunborne* stayed the case pending mediation and/or arbitration based on the plain language of the mediation/arbitration clause of the Operating Agreement. *Id.* at *8-9.

In the present case, as in *Sunborne*, it is plain on the face of the License Agreement that the current dispute between TIG Global and PCS is subject to mediation.  The language and intent of the mediation provision is unambiguous – "the parties shall negotiate in good faith to resolve any disputes regarding the alleged breach ("Mediation").  Mediation shall occur no later than sixty (60) days following Licensee's receipt of any such notice." (*See* Complaint, Exhibit A, § 12.3).  Therefore, if it does not dismiss, this Court should stay this proceeding and compel mediation of this dispute in accordance with the parties' agreement. *See also Adair Bus Sales, Inc. v. Blue Bird Corp.*, 25 F.3d 953, 955 (10th Cir. 1994); *Will v. Parsons Evergreene, LLC*, 2008 U.S. Dist. LEXIS 105131, *17 (D. Colo. Dec. 19, 2008).

---

³ Mediation falls within the FAA's definition of arbitration. *CB Richard Ellis, Inc. v. American Envtl. Waste Mgmt.*, 1998 U.S. Dist. LEXIS 20064, at *2 (E.D.N.Y. Dec. 4, 1998); *see also Mortimer v. First Mount Vernon Indus. Loan Assoc.*, 2003 U.S. Dist. LEXIS 24698, at *6, n.5 (D. Md. May 19, 2003) (court reasoned that mediation clause manifested the parties' intent to provide an alternative method to settle controversies arising under the agreement and, therefore, that "mediation" fits within the definition of "arbitration").

### III.  CONCLUSION

For the foregoing reasons, Defendant PCS respectfully requests that the Court dismiss the Complaint filed by Plaintiff TIG Global or, in the alternative, compel mediation and stay all proceedings in this forum pending final resolution though mediation.

Dated:  March 5, 2010               Respectfully submitted,

s/ Steven C. Schroer
Steven C. Schroer (CO Bar No. 32982)
Fitch, Even, Tabin & Flannery
1942 Broadway, Suite 213
Boulder, Colorado 80302
Telephone:  (303) 402-6966
Facsimile:  (303) 402-6970
E-mail: scschr@fitcheven.com

Of Counsel:
Edward W. Gray
Christian Eriksen
Fitch, Even, Tabin & Flannery
One Lafayette Center, Suite 750S
1120 20th Street, NW
Washington, DC 20036
Telephone:  (202) 419-7000
Facsimile: (202) 419-7007

Christine A. Pompa
Fitch, Even, Tabin & Flannery
120 S. LaSalle Street, Suite 1600
Chicago, IL 60603
Telephone:  (312) 577-7000
Facsimile:  (312) 577-7007

*Attorneys for Defendant, PC Specialists, Inc.*

## CERTIFICATE OF SERVICE

      I hereby certify that on this 5th day of March, 2010 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

                Scott P. Baker
                YATES LAW FIRM, LLC
                1900 Wazee Street, #203
                Denver, CO  80202
                sbaker@yateslawfirmllc.com


                s/ Steven C. Schroer
                 Attorney for Defendant, PC Specialists, Inc.

                Fitch, Even, Tabin & Flannery
                1942 Broadway, Suite 213
                Boulder, Colorado 80302
                Telephone:  (303) 402-6966
                Facsimile:  (303) 402-6970
                E-mail: scschr@fitcheven.com